IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRENCE L. SWANSON, ) | |
| ID # 04076623, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:04-CV-2108-B |
| ) | |
| DOUGLAS DRETKE, Director, ) | (Consolidated with |
| Texas Department of Criminal ) | No. 3:04-CV-2237-B) |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A.  Nature of the Case**

Petitioner, a state inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus to challenge his conviction for possession of a controlled substance with intent to deliver in Cause No. F98-52061-QL. Respondent is Douglas Dretke, Director of TDCJ-CID.

**B.  Factual and Procedural History**

In August 1999, petitioner proceeded to trial on a charge of possession of a controlled substance and the trial ended with a dead-locked jury. TR[1] at 5. On August 26, 1999, petitioner pled guilty to the charge against him, and the court sentenced him to seven years imprisonment. *Id.* at 46. After sentencing petitioner, the court suspended the sentence and placed him on probation or community supervision for five years. *Id.* Petitioner did not appeal his conviction or sentence.

On February 9, 2001, the court revoked petitioner's probation and ordered him to serve his seven-year sentence in TDCJ-CID. *Id.* at 64. On February 13, 2001, petitioner appealed the revo-

---

[1] "TR" refers to the state trial record in Cause No. F98-52061-QL.

cation of his probation. *See Swanson v. State*, No. 05-01-00337-CR, http://www.courtstuff.com/ FILES/05/01/05010337.HTM (docket sheet information generated Oct. 30, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas) [hereinafter referred to as State Docket Sheet]. On April 29, 2002, the court of appeals affirmed the revocation of probation. *Swanson v. State*, Nos. 05-01-00336-CR, 05-01-00337-CR, 2002 WL 746361, at *2 (Tex. App. – Dallas Apr. 29, 2002, pet. ref'd). On September 11, 2002, the Texas Court of Criminal Appeals denied petitioner's petition for discretionary review. *See* State Docket Sheet. It issued its mandate on November 21, 2002. *See id.*

On May 24, 2001, petitioner filed his first state application for writ of habeas corpus. S.H. Tr.[2] at 2. The Texas Court of Criminal Appeals dismissed that application because petitioner's direct appeal remained pending. *Ex parte Swanson*, No. 50,647-01, slip op. at 1 (Tex. Crim. App. Nov. 14, 2001). On October 8, 2002, petitioner filed a second state application for writ of habeas corpus. S.H. Tr. II[3] at 2. The Texas Court of Criminal Appeals also dismissed the second application because petitioner's direct appeal was still pending.[4] *Ex parte Swanson*, No. 50,647-02, slip op. at 1 (Tex. Crim. App. July 16, 2003).[5]

On September 11, 2003, petitioner filed a federal petition seeking habeas relief. *See Swanson v. Dretke*, No. 3:03-CV-2552-M (N.D. Tex.) (Pet. showing placement in prison mail system on Sept. 11, 2003). On February 17, 2004, the Court granted petitioner's request to withdraw that petition and dismissed the action because petitioner had failed to exhaust his state remedies. *Id.* (Judgment).

---

[2] "S.H. Tr." denotes the state habeas records attached to *Ex parte Swanson*, No. 50,647-01, slip op. (Tex. Crim. App. Nov. 14, 2001).

[3] "S.H. Tr. II" denotes the state habeas records attached to *Ex parte Swanson*, No. 50,647-02, slip op. (Tex. Crim. App. July 3, 2003).

[4] Under Texas law, an appeal remains pending until mandate is issued. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).

[5] Petitioner also filed a state habeas application related to a conviction not challenged in the instant federal action, which the Texas Court of Criminal Appeals dismissed on July 16, 2003. *See Ex parte Swanson*, No. 50,647-04, slip op. at 1 (Tex. Crim. App. July 16, 2003). Although such state application was designated "50,647-04", there is no "50,647-03." (*See* Ex. A to Answer.)

On September 24, 2003, petitioner filed his third state application for writ of habeas corpus related to the conviction he challenges in the instant federal action. S.H. Tr. III[6] at 2. The Texas Court of Criminal Appeals denied that application. *Ex parte Swanson*, No. 50,647-05, slip op. at 1 (Tex. Crim. App. Sept. 29, 2004).

Petitioner commenced this action when he signed his federal petition and placed it in the prison mail system on September 23, 2004.[7] (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that he is being held unlawfully because (1) he is actually innocent of the alleged crime; (2) his conviction was obtained by the prosecution's failure to disclose a police report; (3) the trial court abused its discretion and before and during his trial by suppressing evidence of the defense and limiting questioning of State witnesses; (4) the trial court erred in denying his motion to suppress; (5) his arrest was illegal and his conviction was obtained by the use of planted and falsified evidence; (6) he received ineffective assistance of counsel at and before trial, during his plea, and on appeal;[8] and (7) he involuntarily pled guilty. (Pet. at 7-8 and attached pages.)

On February 1, 2005, respondent filed his answer in which he argues that the instant action is untimely, partially unexhausted and procedurally barred, and without merit. (Answer at 1.) On August 19, 2005, the Court received petitioner's reply to that answer, (*see* Petr.'s Second Mem.

---

[6] "S.H. Tr. III" denotes the state habeas records attached to *Ex parte Swanson*, No. 50,647-05, slip op. (Tex. Crim. App. Sept. 29, 2004).

[7] After the Texas Court of Criminal Appeals denied his third state application, petitioner filed a second federal petition (opened as Cause No. 3:04-CV-2237-B) to challenge the same conviction on the same grounds raised in Cause No. 3:04-CV-2108-B. The Court thus consolidated the two actions.

[8] Plaintiff specifically claims that he received ineffective assistance of counsel on appeal when the attorney who appealed his probation revocation omitted claims that petitioner later raised in his petition for discretionary review and state writs related to a challenge to his conviction. (*See* Attached Pages at 4-5.)

3

Supp. Response to Resp.'s Answer [hereinafter Reply]),[9] and a separate appendix in support of his reply, (*see* App. Supp. Petr.'s Second Response to Resp.'s Answer [hereinafter App.]).

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

---

[9] Petitioner identifies it as his second memorandum in support because he attempted to file a reply brief in late February but the records of the Court reflect no such filing. Upon noticing petitioner's position that he had submitted a reply brief, the Court granted him an extension of time to submit a reply brief. (*See* Order of Aug. 2, 2005.) The instant reply brief complies with that order.

4

In this case, petitioner did not appeal his conviction. For purposes of § 2244(d), his judgment of conviction thus became final thirty days after he pled guilty and was sentenced on August 26, 1999. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (noting that a conviction becomes final under Texas law thirty days after the defendant pled guilty and failed to file an appeal). Petitioner's state judgment of conviction became final on September 25, 1999.

With regard to subparagraph (D), the Court determines that, with one exception, the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final. Prior to pleading guilty, petitioner would have known the factual basis for his claims that: he is actually innocent of the alleged crime; the prosecution failed to disclose a police report;[10] the trial court abused its discretion before and during his trial and erred in denying his motion to suppress; his arrest was illegal; he involuntarily pled guilty; and he received ineffective assistance of counsel at and before trial. At the time of his guilty plea and sentencing, petitioner would have known the factual basis for his claims of ineffective assistance of counsel that occurred during the plea process.

It is less clear when petitioner knew or should have known the factual basis for that part of his sixth claim regarding ineffective assistance of appellate counsel, *i.e.*, that the appellate attorney who appealed the revocation of probation rendered ineffective assistance by failing to raise claims on appeal related to petitioner's conviction. Because this part of Claim 6 specifically relates to omissions by his attorney who appealed the probation revocation, the factual predicate of the claim does not relate back to 1999 when the time for petitioner to appeal his conviction expired. Petitioner filed an appeal of his revocation on February 13, 2001. Prior to that date, petitioner would not have known what issues that appellate attorney raised on appeal. Although it is uncertain precisely when petitioner learned that his appellate attorney had omitted claims from his appeal, he undoubtedly knew of such omission when he received the April 29, 2002 appellate decision that denied his appeal. By letter dated May 2, 2002, appellate counsel informed petitioner of the

---

[10] Within the claim itself, petitioner indicates that the police report was used at his trial. (Pet. at 7.)

5

appellate decision. (*See* Letter from Henrichs to Swanson of 5/2/2002, attached as an exhibit to Mot. for Appointment of Counsel received by the Court on Oct. 22, 2004, and attached to App. received August 19, 2005). By letter dated July 2, 2002, appellate counsel resent a copy of the appellate decision because petitioner had indicated that he had not received it. (*See* Letter from Henrichs to Swanson of 7/2/2002, attached as an exhibit to Mot. for Appointment of Counsel received by the Court on Oct. 22, 2004, and attached to App. received August 19, 2005). Soon thereafter petitioner certainly knew the factual predicate of his claim that he received ineffective assistance from his appellate attorney. Giving petitioner the benefit of the doubt, the Court finds that, by August 1, 2002,[11] petitioner knew the factual predicate of the claim of ineffective assistance of appellate counsel.

Because petitioner filed his federal petition more than one year after his conviction became final and more than one year after he knew the factual predicate for each of the claims raised in the instant federal petition, a literal application of § 2244(d)(1) renders his September 28, 2004 filing untimely.

---

[11] Because petitioner did not properly file a state application for writ of habeas corpus until September 24, 2003, the precise factual predicate date does not alter these findings unless petitioner discovered the factual predicate of this claim within one year prior to such filing. Nevertheless, even if petitioner did not actually know the factual predicate by August 1, 2002, he certainly should have known the factual predicate of this claim prior to September 2002 through the exercise of due diligence.

In any event, even if this claim is timely based upon the factual predicate commencing the limitations period, the claim fails on its merits. To successfully state a claim of ineffective assistance of counsel under Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. "A claim of ineffective assistance based on the failure to argue an issue on appeal is governed by the familiar two-part *Strickland* test." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). This claim fails because an appellate attorney does not render deficient representation on an appeal of a probation revocation by failing to assert claims related to the underlying conviction when the time for appealing the conviction has passed. Under Texas law, "an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction." *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. 1978); *accord Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (extending principle to context of deferred adjudication probation). Appeals filed after revocation of community supervision which are untimely as to issues related to the original conviction are dismissed for want of jurisdiction. *Manuel*, 994 S.W.2d at 660. Consequently, petitioner's appellate attorney did not render deficient representation by failing to raise issues related to the original conviction when he filed petitioner's appeal to the revocation of probation.

## III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

### A. Statutory Tolling

Because the Texas Court of Criminal Appeals dismissed petitioner's first and second state petitions due to a pending appeal, petitioner did not properly file such petitions so as to invoke the statutory tolling provision of 28 U.S.C. § 2244(d)(2). *See Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004) (holding that a state application for writ of habeas corpus that is erroneously accepted by a court which lacks jurisdiction over the writ is not properly filed); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (holding that the Texas Court of Criminal Appeals has no jurisdiction over a state writ until the direct appeal is final). Petitioner did not properly file a state application until September 24, 2003. By that time, the one-year period of limitations had expired.[12] Petitioner is thus entitled to no statutory tolling under § 2244(d)(2).[13] It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

[12] With respect to all claims other than the claim of ineffective assistance of appellate counsel, the limitations period for challenging petitioner's conviction in fact expired before petitioner filed his first state petition in May 2001.

[13] Petitioner's previous federal petition also does not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (holding "that § 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition). Petitioner, moreover, filed that previous petition after the limitations period had already elapsed.

7

Because the statutory tolling provision of § 2244(d)(2) does not save the instant petition from being untimely, the instant petition is untimely unless the Court finds reason to equitably toll the limitations period.

**B. Equitable Tolling**

Although respondent specifically contends that the instant action is untimely, (*see* Answer at 1, 7-10), petitioner essentially ignores such contention in his reply brief other than to assert that he is actually innocent of the crime to which he pled guilty, and that a failure to consider his claims will result in a fundamental miscarriage of justice, (*see generally* Reply). Even though petitioner does not affirmatively invoke the principles of equitable tolling, the Court examines whether he is entitled to such tolling due to his claim of actual innocence.

The Fifth Circuit Court of Appeals held in *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998), "as a matter of first impression, that the AEDPA one-year limitations period was a statute of limitations, not a bar to federal jurisdiction . . . [and thus] could be equitably tolled, albeit only in 'rare and exceptional circumstances.'" *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). "The petitioner bears the burden of proof concerning equitable tolling, and must demonstrate 'rare

8

and exceptional circumstances' warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (footnote omitted).

A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000). In addition, although petitioner knew by August 1, 2002, that his appellate attorney had not raised all the claims that petitioner desired to raise on appeal, petitioner did not raise that claim in a state application for writ of habeas corpus until filing his third state writ on September 24, 2003.[14] Petitioner has proffered no explanation for that nearly thirteen month delay. He also does not explain his failure to challenge his conviction on appeal or in a state writ prior to his revocation in February 2001. For all of these reasons, the Court finds no reason to equitably toll the limitations period.

Because neither statutory nor equitable tolling save petitioner's September 28, 2004 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## IV. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 29th day of April, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[14] Although petitioner did not properly file his first two state writs because his appeal was still pending, an examination of those writs reveals that petitioner did not raise his claim of ineffective assistance of appellate counsel in either of the first two writs.

9

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE